**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL L. LUSK, | No. 13-35621 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00733-MJP |
| v. | |
| SENIOR SERVICES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted May 7, 2015[**]
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,[***] Senior District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

1

Michael Lusk appeals from the district court's order granting summary judgment in favor of Senior Services on Lusk's claims for wrongful termination in violation of public policy under Washington law, and gender, race, and color discrimination and retaliation in violation of the Washington Law Against Discrimination (WLAD) and Title VII of the Civil Rights Act of 1964. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.[1]

1.      Lusk argues that Senior's decision to eliminate his position and not rehire him in January 2011 amounted to wrongful termination in violation of public policy. But it is clear that Lusk was terminated in November 2010 and his claim is based on a failure to rehire, which cannot form the basis of a common-law wrongful termination claim in Washington. *See Warnek v. ABB Combustion Eng'g Servs., Inc.*, 972 P.2d 453, 458 (Wash. 1999). This claim was correctly dismissed.

2.      Under both Title VII and WLAD, the plaintiff bears the burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Domingo v. Boeing Emps.' Credit Union*, 98 P.3d 1222, 1225 (Wash. Ct. App. 2004).

A plaintiff alleging gender discrimination must establish, as an element of his prima facie case, that he was qualified for the position he sought. *See Mondero*

---

[1]      The parties are familiar with the facts, so we do not recount them here.

*v. Salt River Project*, 400 F.3d 1207, 1211 (9th Cir. 2005); *Fulton v. State, Dep't of Soc. & Health Servs.*, 279 P.3d 500, 508 (Wash. Ct. App. 2012). Lusk failed to establish a prima facie case of gender discrimination because he did not meet the minimum qualifications for the Southeast Seattle Senior Center Director position.

Assuming that Lusk established a prima facie case of race or color discrimination, these claims fail because Senior presented evidence that it had a legitimate, nondiscriminatory reason for laying off Lusk and not rehiring him: the agency was in financial trouble, Lusk's "lead" position was not necessary in a program with only one full-time employee, and eliminating Lusk's position would result in the greatest savings because he was the highest paid outreach specialist. Lusk did not show that Senior's financial justifications were pretext.

3.	Lusk failed to establish a prima facie case that Senior's decision not to rehire him was retaliation for his complaint to the City of Seattle about misappropriation of funds. There is no evidence that anyone at Senior knew about Lusk's complaint before the decision was made not to rehire him. *See Tyner v. State*, 154 P.3d 920, 928 (Wash. Ct. App. 2007) ("To establish a prima facie case for retaliation, a plaintiff must show that . . . there is a causal link between the employee's activity and the employer's adverse action."). Even if Lusk had established a prima facie case, as discussed, Senior presented evidence of a legitimate, nondiscriminatory

3

reason for not rehiring Lusk, and Lusk failed to rebut this evidence. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (applying discrimination burden-shifting scheme to retaliation claim); *Milligan v. Thompson*, 42 P.3d 418, 424 (Wash. App. 2002) (applying burden-shifting scheme to WLAD retaliation claim).

Lusk claims several other instances of retaliation based on his "opposition activity": (1) Senior prevented him from applying for the Center Director position by telling him—accurately—that it planned to postpone hiring for the position; (2) Klein told Lusk she would record what Townsend reported to her in Lusk's personnel file; (3) Townsend "shunned" Lusk after Townsend learned that Lusk had applied for the Center Director position; (4) Lusk was "banished" to the downtown office for less than one day; (5) Lusk was laid off; (6) Lusk was not rehired; and (7) Lusk's position was eliminated. The first four claims cannot establish a prima facie case of retaliation because they do not allege "materially adverse" actions. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (concluding that a "materially adverse" action is one that "might have disuaded a reasonable worker from making or supporting a charge of discrimination"). The final three claims fail because Lusk did not present any evidence showing a causal connection between Senior's decision to terminate or not rehire him and his complaints. *See Tyner*, 154 P.3d at 928. Even if he had

4

established causation, as discussed, he failed to rebut Senior's evidence that its decisions were based on legitimate, non-retaliatory financial considerations.

**AFFIRMED**